SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

ABE SHAH and HEMANG VIRANI,

        Plaintiffs,

    v.

IPS GROUP INC. d/b/a BALUCHI'S and
JOHN DOES 1-5,

        Defendants.
-------------------------------------------------------x

INDEX NO:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

WEINSTEIN, J.

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 12 2011 ★

BROOKLYN OFFICE

Plaintiffs allege as follows:

## NATURE OF THE ACTION

1.     This is a civil rights lawsuit arising from Defendants' racial and national origin discrimination and retaliation against Plaintiffs.

2.     Defendants own, operate, and/or work for a Baluchi's restaurant located at 113-30 Queens Boulevard, Forest Hills, New York.

3.     The Forest Hills restaurant is one of eight Baluchi's restaurant locations in New York City.

4.     Baluchi's restaurants serve "the finest Indian cuisine in a traditional ambience." According to the restaurants' website, "whether it's your special occasion or simply a night out for fine dining, we will take you through a culinary journey you'll always remember."

5.     For Plaintiffs, who are of South Asian race and Indian or Pakistani descent, their evening at the Forest Hills Baluchi's was a night they will always remember not for the food they ate but because they were openly discriminated against and then physically attacked for objecting to the restaurant's illegal discrimination.

1

6.     As Plaintiffs discovered at the end of their meal, Defendants maintain an overtly discriminatory policy of charging a mandatory gratuity only to people of South Asian races and/or of Indian, Pakistani, or Bangladeshi descent.

7.     When Plaintiffs complained about this discrimination and left the restaurant, they were followed out by five restaurant employees. These employees verbally attacked Plaintiffs because of Plaintiffs' objection to being discriminated against.

8.     The restaurant employees' attack escalated until one of them punched and spit on Plaintiff Shah and shoved Plaintiff Virani, injuring both Plaintiffs.

9.     Because of Defendants' open discrimination and retaliation against Plaintiffs, Plaintiffs now seek, *inter alia*, compensatory damages, punitive damages, and attorneys' fees and costs.

## JURISDICTION AND VENUE

10.     This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under 42 U.S.C. § 1981 ("Section 1981").

11.     This Court has supplemental jurisdiction over the claims brought under the New York law as they are so related to the claims in this action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants have offices, conduct business, and can be found in this District, and because the cause of action arose and the acts and omissions complained of occurred in this district.

13.     The New York City Commission on Human Rights will be notified and sent a copy of this complaint.

2

## THE PARTIES

14.     All Defendants are hereinafter collectively referred to as "Defendants."

15.     Defendant IPS Group Inc. ("IPS") is a New York corporation with its principal place of business in Queens County, New York.  Upon information and belief, IPS owns and operates the Baluchi's restaurant located at 113-30 Queens Boulevard, Forest Hills, New York.

16.     Upon information and belief, John Doe 1 is the manager of the Baluchi's restaurant located at 113-30 Queens Boulevard, Forest Hills, New York.

17.     Upon information and belief, John Does 2-5 are employees or agents of the Baluchi's restaurant located at 113-30 Queens Boulevard, Forest Hills, New York.

18.     John Does 1-5 are easily identifiable from IPS's records.

19.     Plaintiff Abe Shah ("Plaintiff Shah") is of South Asian race and Pakistani descent.

20.     Plaintiff Hemang Virani ("Plaintiff Virani") is of South Asian race and Indian descent.

## FACTS

21.     On May 12, 2011, Plaintiffs Shah and Virani went to the Baluchi's restaurant located at 113-30 Queens Boulevard, Flushing, New York, for dinner.

22.     When Plaintiffs received their bill at the end of the meal, they discovered that an 18% gratuity had been added without their permission.

23.     Plaintiffs strongly suspected that an automatic gratuity was not added to every bill because they heard two white women sitting at a neighboring table discussing whether to tip 10% or 15% in light of the poor service they received.

24.     Mr. Shah asked to speak with a manager about the automatic gratuity on Plaintiffs' bill.

3

25.    John Doe 1 (the "Manager") identified himself to Mr. Shah as the manager and told Mr. Shah that it was the restaurant's policy to automatically include a gratuity on customers' bills.

26.    Mr. Shah told the Manager that he knew that was not the restaurant's policy because he heard two other customers discuss how much to tip.

27.    The Manager ultimately admitted to Mr. Shah that the restaurant had a policy of automatically including a gratuity on the bills of Indian, Pakistani, and Bangladeshi customers because "they never tip."

28.    Humiliated and outraged by this blatant discrimination, Plaintiffs paid their bill, minus the gratuity, and left the restaurant.

29.    The Manager and another man, John Doe 2, followed Plaintiffs out of the restaurant.

30.    By the time Plaintiffs reached the sidewalk, three other men – John Does 3, 4, and 5 – had come out of the back of the restaurant.

31.    John Does 1-5 (collectively, the "Baluchi's Employees") asked Plaintiffs "what [their] problem was," clearly referring to Plaintiffs' objection to paying a discriminatory automatic gratuity.

32.    Ms. Virani asked the Baluchi's Employees how they could discriminate so blatantly against people from the Indian subcontinent.

33.    The Baluchi's Employees became increasingly loud and aggressive with Plaintiffs and used racial slurs against them.

34.    The verbal assault escalated to physical violence as John Doe 3 spit on Mr. Shah and punched him in the face.

4

35.     Ms. Virani jumped between Mr. Shah and John Doe 3 to stop John Doe 3's attack, and John Doe 3 then shoved Ms. Virani on the shoulder, cause her to fall into Mr. Shah.

36.     Shaking and hyperventilating from this senseless and retaliatory attack, Mr. Virani dialed 911.

37.     After police officers arrived, Mr. Shah and Ms. Virani filed a police report and then went to the hospital.

38.     At the hospital, Mr. Shah was diagnosed with a facial contusion and extremely high blood pressure.  Mr. Shah remained at the hospital under observation for several hours.

39.     Ms. Virani also suffered injuries, including bruising of the shoulders.

40.     Upon information and belief, Defendants' above-described acts were wanton and malicious, and they knew or recklessly disregarded the fact that their discriminatory and retaliatory acts were illegal.

41.     As a result of Defendants' discriminatory and retaliatory actions, Plaintiffs have suffered and continue to suffer damages, including but not limited to humiliation and mental and physical pain and suffering.

## FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1981 – Discrimination)

42.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

43.     Plaintiffs are of South Asian race.

44.     Defendants intentionally instituted and operated under a policy of charging an automatic gratuity only to customers of South Asian race and not to customers of other races because of a belief that South Asian customers "don't tip."

45.     The application of this policy interfered with Plaintiffs' ability to make and enforce a contract with Defendants, as defined by 42 U.S.C. § 1981(b).

46.     Defendants discriminated against Plaintiffs in knowing or reckless disregard of Plaintiffs' statutory rights.

47.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
#### (42 U.S.C. § 1981 – Retaliation)

48.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

49.     Plaintiffs opposed Defendants' unlawful racial discrimination by, *inter alia*, complaining about Defendants' discriminatory practices to John Doe 1.

50.     Defendants retaliated against Plaintiffs for opposing unlawful discrimination by, *inter alia*, confronting them outside the restaurant and physically assaulting them.

51.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
#### (New York State Human Rights Law ("NYSHRL")
#### N.Y. Exec. L. § 296 – Discrimination)

52.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

53.     Plaintiffs are of the South Asian race and of Indian or Pakistani national origin.

54.     Defendants are the owners, lessees, proprietors, managers, superintendents, agents, or employees of a place of public accommodation.

55.     Defendants intentionally instituted and operated under a policy of charging an automatic gratuity only to customers of South Asian race and/or of Indian, Pakistani, or Bangladeshi national origin and not to customers of other races or national origin because of a belief that South Asian customers, as well as customers of Indian, Pakistani, and Bangladeshi national origin, "don't tip."

56.     The application of this policy denied Plaintiffs of the accommodations, advantages, facilities, and privileges of a place of public accommodation.

57.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYSHRL – Retaliation)

58.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

59.     Plaintiffs opposed Defendants' unlawful discrimination by, *inter alia*, complaining about Defendants' discriminatory practices to John Doe 1.

60.     Defendants retaliated against Plaintiffs for opposing unlawful discrimination by, *inter alia*, confronting them outside the restaurant and physically assaulting them.

61.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for emotional distress, physical

7

injuries, and medical treatment, and such other legal and equitable relief as this Court deems just
and proper.

## FIFTH CLAIM FOR RELIEF
### (New York City Human Rights Law ("NYCHRL")
### N.Y.C. Admin. Code § 8-107 – Discrimination)

62.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they
were set forth again herein.

63.     Plaintiffs are of South Asian race and of Indian or Pakistani national origin.

64.     Defendants are the owners, lessees, proprietors, managers, superintendents,
agents, or employees of a place of public accommodation.

65.     Defendants intentionally instituted and operated under a policy of charging an
automatic gratuity only to customers of South Asian race and/or of Indian, Pakistani, or
Bangladeshi national origin and not to customers of other races or national origin because of a
belief that South Asian customers, as well as customer of Indian, Pakistani, and Bangladeshi
national origin, "don't tip."

66.     The application of this policy denied Plaintiffs of the accommodations,
advantages, facilities, and privileges of a place of public accommodation.

67.     Defendants discriminated against Plaintiffs in knowing or reckless disregard of
Plaintiffs' statutory rights.

68.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to
compensatory damages, including but not limited to damages for emotional distress, physical
injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal
and equitable relief as this Court deems just and proper.

8

## SIXTH CLAIM FOR RELIEF
### (NYCHRL - Retaliation)

69.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

70.     Plaintiffs opposed Defendants' unlawful discrimination by, *inter alia*, complaining about Defendants' discriminatory practices to John Doe 1.

71.     Defendants retaliated against Plaintiffs for opposing unlawful discrimination by, *inter alia*, confronting them outside the restaurant and physically assaulting them.

72.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for emotional distress, physical injuries, and medical treatment; punitive damages; attorneys' fees and costs; and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (Common Law Battery)

73.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

74.     John Doe 3 intentionally touched both Plaintiffs without their consent.

75.     John Doe 3's intentional touching of Plaintiffs, specifically punching and spitting on Mr. Shah and shoving Ms. Virani, constituted offensive bodily contact.

76.     John Doe 3's battery of Plaintiffs was wanton and malicious and was motivated by Plaintiffs' opposition to Defendants' discriminatory policy.

77.     Defendant IPS is liable under the doctrine of *respondeat superior*.

78.     As a result of Defendants' unlawful conduct, Plaintiffs are entitled to compensatory damages, including but not limited to damages for emotional distress, physical

injuries, and medical treatment; punitive damages; and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.    An award of damages, according to proof, to be paid by Defendants;

B.    Punitive damages;

C.    Penalties available under applicable laws;

D.    Costs of action incurred herein, including expert fees;

E.    Attorneys' fees;

F.    Interest as provided by law; and

G.    Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated:  New York, New York             Respectfully submitted,
        September 9, 2011

                                       JOSEPH, HERZFELD, HESTER &
                                       KIRSCHENBAUM LLP

                                       By: _____
                                           D. Maimon Kirschenbaum
                                           Denise Schulman
                                           Matthew Kadushin
                                           233 Broadway
                                           5th Floor
                                           New York, NY 10017
                                           Tel: (212) 688-5640
                                           Fax: (212) 688-2548

                                       *Attorney for Plaintiffs*

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand jury trial on all causes of action and claims with respect to which they have a right to jury trial.

10